

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **EARY JONES,** ) | **Docket No. 2019-08-0010** |
| Employee, ) | |
| v. ) | |
| **TECHNICOLOR,** ) | **State File No. 41687-2017** |
| Employer, ) | |
| And ) | |
| **ACE AMERICAN INS. CO.,** ) | **Judge Allen Phillips** |
| Carrier. ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Mr. Jones's Request for an Expedited Hearing on the record. Technicolor did not oppose a record review, and the Court determined it needed no additional evidence to decide the issue. The Court allowed the parties until May 8, 2019, to file position statements. The contested issue is whether Mr. Jones may return to Dr. Apurva Dalal, a physician he chose from a panel.[1] For the following reasons, the Court holds Mr. Jones would likely prevail at a hearing on the merits and orders that Technicolor allow him to return to Dr. Dalal.

### History of Claim

On May 30, 2017, Mr. Jones fell from a loading dock, landing on his right leg and lower back. After an initial medical evaluation, Technicolor provided a panel of physicians from which he chose Dr. John Lochemes.

Dr. Lochemes noted Mr. Jones complained primarily of right-hip and thigh pain. He diagnosed a right-hip contusion and recommended an MRI of the right hip and leg, both of which were negative for an acute injury. Dr. Lochemes recommended a second

---

[1] Mr. Jones also requested attorney's fees for wrongful denial.

1

opinion by stating that a physician who treats hip injuries "would be a likely pick." He said he would "follow-up" with Mr. Jones after the second opinion.

Technicolor arranged a second opinion with Dr. Tyler Cannon, who described his evaluation "as a second opinion with a potential to treat." He found "the focal point" of Mr. Jones's pain was "over the mid-thigh," so he recommended an MRI of the right thigh. It "demonstrated no abnormalities." No other notes from Dr. Cannon appear in the record.

Technicolor then offered Mr. Jones a second panel that included Dr. Dalal. Dr. Dalal recorded Mr. Jones's history and reviewed the records of Drs. Lochemes and Cannon. He ordered MRIs of both the knee and back. At a follow-up, Dr. Dalal reviewed the knee MRI but noted the back MRI had not been performed. He asked the case management nurse to schedule the back MRI and indicated he would see Mr. Jones afterward. No other notes from Dr. Dalal appear in the record.

Technicolor then scheduled an "independent medical evaluation" with Dr. Christopher Ferguson. An incomplete note indicates that he, like Dr. Dalal, recommended an MRI of Mr. Jones's back, and he also requested a right-leg EMG. The EMG was normal, and the back MRI showed only degenerative changes. Dr. Ferguson later stated the following in response to questions posed by Technicolor:

- Mr. Jones reached maximum medical improvement.
- He had no permanent impairment.
- Mr. Jones underwent a complete workup for his injuries.
- He needed no further treatment.
- Mr. Jones could return to work without restrictions.

Mr. Jones then returned to Dr. Lochemes, who stated the right-hip contusion had resolved and assigned an impairment rating. Dr. Lochemes released Mr. Jones to return to work without restriction but added he "was at a loss to explain all of our negative testing." Although Dr. Lochemes stated he made the referral to Dr. Ferguson, the Court found no record of that referral. Dr. Lochemes injected Mr. Jones's right hip in "another attempt at trying to offer the patient some relief."

Based on this record, Mr. Jones argued the Court should compel Technicolor to allow him to return to Dr. Dalal for evaluation and any necessary treatment. He contended that his selection of Dr. Dalal from a panel made him an authorized treating physician. As a result, the treatment recommended by Dr. Dalal, including a follow-up visit, is presumed reasonable and necessary under Tennessee Code Annotated section 50-6-204(a)(3)(H) (2018). Finally, Mr. Jones argued that Technicolor wrongfully denied his claim, and he should receive attorney's fees and costs under Tennessee Code Annotated section 50-6-226(d)(1)(B).

2

For its part, Technicolor contended Mr. Jones was not entitled to return to Dr. Dalal because Dr. Lochemes did not intend to "transfer" care by requesting the second opinion. Instead, Dr. Lochemes stated he would see Mr. Jones after the second opinion. Further, Tennessee Code Annotated section 50-6-204(a)(3)(C) provides that an employee's decision to obtain a second opinion "shall not alter the previous selection of the treating physician or chiropractor." Thus, Technicolor argued Dr. Lochemes remains the authorized physician, and he and Dr. Ferguson completely evaluated Mr. Jones's hip condition. Finally, Technicolor argued that Mr. Jones did not rebut Dr. Lochemes's opinions regarding causation and impairment by a preponderance of the evidence.

## Findings of Fact and Conclusions of Law

Mr. Jones must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). The Court holds he did.

Specifically, the Court finds the facts of this case are virtually identical to those in *Ledford v. Mid-Georgia Courier, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 28 (June 4, 2018). There, the authorized treating physician believed the employee "would benefit from a second opinion and the physician who provided the second opinion would have an option to treat." *Id.* at *5. The employer argued that the referring physician remained the authorized physician and the other "was merely asked to provide a second opinion." *Id.* at *4. Further, that employer argued that, under Tennessee Code Annotated section 50-6-204(a)(3)(C), the "employee's decision to obtain a second opinion" did not change the status of the authorized physician. *Id.* at *5.

The Appeals Board disagreed. It held that section (a)(3)(C) applies when an employee requests a second opinion regarding surgery or diagnosis but not when a physician makes a referral to another. Instead, the Board ruled that section (a)(3)(A)(ii) is controlling. Namely, when a physician makes a referral, then the employer is deemed to have accepted the referral unless it provides a panel within three days. *Id.* at *7. Even though the employer in *Ledford* did not provide a panel within three days, the Board found it provided one and the employee selected a physician from it. *Id.* at *6. Thus, the Board held: "When an employer offers a panel of physicians pursuant to section 50-6-204(a)(3)(A)(ii) . . . the new physician becomes an authorized treating physician pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(E)." *Id.*

In this case, Dr. Lochemes recommended a second opinion, and Technicolor provided one from Dr. Cannon. The record is silent as to why it later provided a second panel that included Dr. Dalal. However, regardless of the reason, Technicolor provided the panel from which Mr. Jones chose Dr. Dalal. At that point, Dr. Dalal became an authorized treating physician whose treatment is presumed medically necessary under Tennessee Code Annotated section 50-6-204(a)(3)(H). Thus, the Court holds that Mr. Jones is entitled to return to Dr. Dalal.

3

Before concluding, the Court holds that Mr. Jones's request for attorney's fees for wrongful denial is inappropriate at this time. In *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *29 (Jan. 30, 2018), the Appeals Board held that awards of attorney's fees are inappropriate at the interlocutory stage absent "extremely limited circumstances." The Court holds this case does not fall within "extremely limited circumstances" to justify an award of attorneys' fees at this interlocutory stage. Thus, the Court denies this request at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Jones's request to return to Dr. Dalal is granted. Technicolor shall approve the return appointment and provide any reasonable and necessary treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A) as recommended by Dr. Dalal.

2. Mr. Jones's request for attorney's fees is denied at this time.

3. This matter is set for a Status Hearing on **Monday, August 26, 2019, at 9:00 a.m. Central time. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 21, 2019.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

4

# APPENDIX

The Court considered the following record:

1. Petition for Benefit Determination
2. Dispute Certification Notice, including Technicolor's additional defenses
3. Request for Expedited Hearing
4. Affidavit of Eary Jones
5. Employer's Position Statement to mediator
6. Collective Medical Records
7. Dr. Lochemes's Opinion Letter
8. Employee's Choice of Physician Form (Form C-42) (including Dr. Dalal)
9. Wage Statement
10. Employee's Expedited Hearing Brief
11. Employer's Position Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent to the following recipients on May 21, 2019.

| Name | Email | Service Sent To: |
|---|---|---|
| Monica R. Rejaei, Employee's Attorney | X | mrejaei@nstlaw.com jkarpovich@nstlaw.com |
| Scott Vincent, Employer's Attorney | X | Scott.vincent@mgclaw.com Jaclyn.bogart@mgclaw.com |

Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_ _____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ | |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) _____ | |
| Other | $ _____ | Describe:_____ | |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____